IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Scotty R. Vaughan, ) | Civil Action No. 7:13-1783-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Milliken and Company, Inc., ) | |
| Defendant. ) | |

This matter is before the court on the defendant's partial motion to dismiss (doc. 5). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

The plaintiff filed this action in the Union County Court of Common Pleas, Sixteenth Circuit on April 22, 2013. On June 28, 2013, it was removed to federal court. The defendant filed a motion to dismiss (doc. 5) on June 28, 2013. The plaintiff filed a response in opposition to the motion to dismiss (doc. 7) on July 15, 2013, and the defendant filed a reply (doc. 11) on July 25, 2013. The plaintiff's complaint alleges two causes of action against his former employer: violations of the Family and Medical Leave Act ("FMLA") and breach of contract.

**FACTS PRESENTED**

The plaintiff alleges in his second cause of action that the defendant terminated him in breach of an employment contract (comp. ¶¶ 21–25). The particular facts alleged by the plaintiff with regard to the breach of contract claim are as follows:

> 22. Employer provided to Plaintiff, handbooks, policies, manuals and other written documents setting forth terms and conditions of employment with Defendant and Defendant orally assured employees including Plaintiff that such policies would be followed.

> 23. The documents mandated specific leave policy, a code of conduct, the use of progressive discipline, and other provisions assuring fair and equal treatment of employees and use of FMLA.
>
> 24. Defendant violated substantive provisions of such policies and the implicit covenant of good faith and fair dealing by terminating Plaintiff absent cause.
>
> 25. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined by the jury.

(*id.* ¶¶ 22-25).

## APPLICABLE LAW AND ANALYSIS

The defendant argues that the plaintiff's second cause of action for breach of contract should be dismissed for failure to state a claim. This court agrees. Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal

2

quotation marks omitted).  Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

There is a presumption in South Carolina that employees are at-will. *Prescott v. Farmer's Tel. Co-Op., Inc.*, 516 S.E.2d 923, 927 n. 8 (S.C. 1999).  Accordingly, in order to survive a Rule 12(b)(6) motion to dismiss on a claim for breach of a contract of employment, "a plaintiff 'must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'" *Perrine v. G4S Solutions (USA), Inc.*, C.A. No. 2:11-1210-RMG, 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011) (quoting *Amason v. P.K. Management, LLC*, C.A. No. 10-1752-JFA, 2011 WL 1100169, at *6 (D.S.C. March 23, 2011)).  "[G]eneral and conclusory allegations are not sufficient to establish the existence of an employment contract." *Nicholson v. Science Applications Int'l Corp.*, C.A. No. 2:12-2779-PMD-BM, 2012 WL 6568399, at *2 (D.S.C. Nov. 27, 2012), *R&R adopted by* 2012 WL 6588635 (D.S.C. Dec. 17, 2012) (citing *Perrine*, 2011 WL 3563110, at *2)..

The material elements of every contract are an "offer, acceptance, and valuable consideration." *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (S.C. Ct. App. 1997) (citing *Carolina Amusement Co. v. Connecticut Nat. Life Ins. Co.*, 437 S.E.2d 122, 125 (S.C. Ct. App. 1993)).  The Fourth Circuit Court of Appeals has stated:

> It is true that an employer can contractually alter this at-will relationship by issuing an employee handbook that, by its language, limits the employer's right to discharge an employee. However, the mere existence of an employee handbook does not mean that there is an employment contract. For a contract to be created, the employee must be aware of promises in the handbook, must have relied on (and continued work in reliance

3

> on) those promises, and the promises must restrict the right to discharge.

*Lawrence v. Westinghouse Savannah River Co., Inc.*, C.A. No. 1:03-484-27, 2005 WL 3968031, at *14 (D.S.C. March 31, 2005). *See also Storms v. Goodyear Tire & Rubber Co.*, 775 F. Supp. 862, 867 (D.S.C. 1991) (language in the agreement is insufficient to form a contract when it is "not couched in mandatory terms and does not contain language that specifically limits the employer's right to demote or terminate . . . without cause.").

> The plaintiff argues as follows in response to the defendant's motion:
>
> It is difficult to determine how the allegations within the paragraphs as set forth above do not create a conceivable cause of action under recognizable South Carolina law. The Plaintiff's allegations, taken as are true, state that 1) he was hired (contract created), 2) Company policies existed which altered the presumed at will status of his employment and 3) he was terminated in breach of these policies proximately causing him damages. Of course, Defendant may dispute any or all of the allegations within the Complaint, but the allegations of the Complaint do present a cause of action under developed South Carolina Law.

(Pl. resp. m.s.j. at 4-5).

Here, as argued by the defendant, the plaintiff's complaint does not allege a definite term of employment, does not identify mandatory language, and does not identify any language specifically restricting the defendant's right to discharge him without cause (comp. ¶¶ 21–25). Therefore, his employment is presumptively terminable at will. *See Cape v. Greenville County School Dist.*, 618 S.E.2d 881, 883 (S.C. 2005). "The termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *See Prescott*, 516 S.E.2d at 925. The plaintiff fails to overcome the presumption of at-will employment because he did not plead the material elements of the purported employment contract upon which he is suing, as required by South Carolina law. *See Lawrence*, 2005 WL 3968031, at *14 ("For a contract to be created, the employee must be aware of promises in the handbook, must have relied on (and continued work in reliance on) those promises, and the promises must restrict the right to discharge."); *see also*

4

*Nicholson*, 2012 WL 6568399, at *2-4 (granting Rule 12(b)(6) motion to dismiss plaintiff's breach of contract claim where the complaint "alleged in very general and conclusory terms that [the plaintiff] 'entered into a contract' with the Defendant, executed various [unspecified] documents which constituted a contract of employment, and that the Defendant had an Employee Handbook which used 'mandatory language creating a contractual agreement.' Such general and conclusory allegations are not sufficient to establish the existence of an employment contract.") (citation omitted).

Furthermore, even if the plaintiff overcame the presumption of at-will employment, his complaint does not identify any specific term(s) of the handbook or policies that the defendant allegedly breached. Rather, he makes the conclusory allegation that "Defendant violated substantive provisions of [its] policies . . . by terminating Plaintiff absent cause," which resulted in the defendant's "breach of contract" (comp. ¶¶ 24–25). Again, this conclusory allegation is insufficient to survive a 12(b)(6) motion. *See Perrine*, 2011 WL 3563110, at *1-2 (holding plaintiff pled insufficient facts to survive a motion to dismiss where he only alleged in general and conclusory terms that he had "entered into a contract" that the employer had breached). The plaintiff's general and conclusory allegations are insufficient to set forth a plausible claim that a contract of employment existed between the parties or that the defendant breached such contract. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.") (quoting *Twombly*, 550 U.S. at 557).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss (doc. 5) the plaintiff's breach of contract cause of action be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 9, 2014
Greenville, South Carolina